IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:20 CR-0023 (04) (SCJ) |
| ) | |
| JUDAH COLEMAN BAILEY ) | |
| _____ ) | |

**SENTENCING MEMO**

COMES NOW JUDAH COLEMAN BAILEY, by and through undersigned counsel, and files this SENTENCING MEMO to be considered by this Honorable Court in conjunction with his Presentence Report and all arguments and allocution to be put forth at his sentencing hearing on Monday, June 28, 2021, at 11:00 a.m.  Mr. Bailey asks that this information be used to fashion a sentence which comports with the requirements of 18 U.S.C. §3553(a) and which is otherwise reasonable.  Specifically, in accordance with his plea agreement, Mr. Bailey requests a sentence no longer than 21 months.

**(i)** *Background / summary:*  JUDAH COLEMAN BAILEY is a twenty-one (21) year old young man.  On March 25, 2021, he entered a guilty plea to Count 1 which charged conspiracy to commit arson.  During his guilty plea and in his statement to the probation officer, Mr. Bailey admitted that he conspired with his

codefendants to, and did shoot a flare-gun into the back of an unoccupied police vehicle. The police car suffered property damage in the amount of $3,678.17. (PSR ¶ 23). No person or victim was present or injured. During interviews with the FBI, he confessed to his crime, and Mr. Bailey is very remorseful for his actions. Mr. Bailey was the first defendant in this case to enter a guilty plea.

Mr. Bailey' short life-story is a sad one. He was raised by his mother, along with five siblings. His childhood was marked by poverty and periods of homelessness. When Mr. Bailey was young, his mother had a relationship with Clifton Gaudlock and the couple had two daughters. Mr. Bailey grew up believing Clifton Gaudlock was his father, but learned at age 12 that his father was the neighbor across the street.

The teen years were hard for Mr. Bailey. He struggled with identity issues related to being a bi-racial young man in Gainesville, Georgia. At times he was bullied and mocked. He felt very alone and without a friend in the world. He was depressed for several years, and began cutting himself at age 16. His mother told him she was going to take him to a doctor, but he refused to see one. Mr. Bailey ultimately decided to stop cutting himself because he viewed the behavior as unmanly, (cutting oneself was something that girls did, not boys).

When Mr. Bailey was 17, his mother was in a serious car accident. She

suffered a severe traumatic brain injury and she is permanently physically and remains cognitively disabled. She is wheelchair-bound and requires 24-hour care. Mr. Bailey and his grandmother were the primary caretakers of his mother for two years after the accident. Mr. Bailey would have to change his mother's feeding tube and diapers. She remains disabled but is now in a nursing home.

Three weeks prior to the Gainesville George Floyd protests and the offense in this case, Judah Bailey became a father. The family of the mother of his child were less than welcoming to him. While this major life-event should have made Mr. Bailey, who was then 20, act in a more responsible manner, the inter-family stress and conflict may have compounded the anger and frustration which Mr. Bailey had building up within him. (See PSR ¶¶ 47-57; *see also* "Exhibit 1," which will be submitted to the Court under seal.")

Again, Judah Bailey is very remorseful for his actions in this case. He has been in custody on related Hall County, Georgia, charges in this case since **June 2, 2020.** (PSR ¶ 7).

I) <u>**GUIDELINE ISSUES**</u>**:**

<u>Paragraph 25</u>. *Base Offense Level*

Both parties, the government and Mr. Bailey, have objected to the proposed

3

Base Offense Level in the PSR.  Specifically, the parties agree and object to the Probation Officer's application of USSG § 2K1.4 **(2)**, and the finding of a base offense level 20.

The correct section in Judah Bailey's case is USSG § 2K1.4 (4).  Under USSG § 2K1.4 (4), the offense level starts at 2, plus the offense levels from USSG § 2B1.1, which carries a base offense Level 6, and adds 2 points if Dangerous Weapon [flare-gun] was used.  The loss amount is below $6,500, so there is no increase for loss.  However, under § 2B1.1, if a Dangerous Weapon was used and the guidelines are less than 14, then the offense level is increased to Level 14.

Contrary to the Probation Officer's view, a police car is not legally or traditionally a "structure," nor has it been re-defined, included or classified as such under the Sentencing Guidelines, the *Application Notes* or the Commentary.  In response to the parties' objections, the Probation Officer cites Miriam Webster's Dictionary to provide a broad definition which includes - "**something arranged in a definite pattern or organization**" and "**the arrangement of parts as dominated by the general character of the whole**." (PSR ¶ 25, Response, at p.12).  With all due respect, this approach is overly broad and incorrect.  First, this Miriam Webster's definition would apply to ANY substance containing physical matter.  It would create the higher base offense level for setting fire to a single

4

hydrocarbon molecule or a computer network junction box, because those things have *structure*.  Use of this Webster's Dictionary definition would render all remaining sections of USSG § 2K1.4 meaningless and superfluous.

Second, if we are going to look to dictionaries for the answer here, (which raises additional problems to be discussed next), the dictionary to go to is a *legal* dictionary.  Black's Law 2nd Ed. and The Law.com and define structure as - **"Something built on a parcel of real estate, may be small such as a shed or large, such as a ten story building."**  (Thelaw.com Law Dictionary & Black's Law Dictionary 2nd Ed. https://dictionary.thelaw.com/?s=structure  (Accessed 6/24/2021).  The word "structure" may be used in search warrants applications and affidavits, and is typically given meaning as used in Property Law.  A vehicle parked in the driveway is not a structure or appurtenance or part of the residence to be searched pursuant to the warrant.  This is why separate warrants are often obtained to search vehicles, or, at a minimum, separate provisions in the warrant and affidavit are included to specifically describe and include the vehicle to be searched.  In short, a warrant for solely a residence, which is a structure, does not authorize a search of a vehicle, which is not the described structure.

In this context, unless defined or expanded *explicitly* by the Guidelines to include a police car (which it was not), "structure" means a building or shed.  For

example, in sentencing a defendant for arson under 18 USCS §§ 81 and 1153(b), a district court properly determined that a vacant house that defendant burned down was "structure" under USSG § 2K1.4 and correctly applied corresponding base offense level of 20. *United States v. Big Leggins*, 289 Fed. Appx. 214, 2008 U.S. App. LEXIS 17864 (9th Cir. 2008), amended, 317 Fed. Appx. 652, 2009 U.S. App. LEXIS 6615 (9th Cir. 2009). There, a vacant house, with no risk of danger to others when burned, was a "structure" under the Guidelines. Here, the parties agree, a police car was not a structure.

    Third, under the Rule of Lenity, when terms within the Sentencing Guideline are vague and subject to multiple interpretations, the defendant is entitled to receive benefit of the interpretation which produces the lesser sentence. Under the Rule of Lenity, a tie goes to the runner. The public is entitled to "fair warning" of prohibited conduct if it can be penalized for engaging in such behavior. *Diamond Roofing Co., Inc. v. Occupational Safety & Health Review Commission*, 528 F.2d 645, 649 (5th Cir. 1976). "The law 'must provide a reasonably clear standard of culpability to circumscribe the discretion of the enforcing authority and its agents'—in other words, to maintain separation of powers between the legislature (the executive serving as the legislature's agent) and the executive (serving as the executive). *Id*. In criminal cases, ambiguity

typically favors the defendant. If there is reasonable doubt, no conviction. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). And if a statute is ambiguous, courts construe the statute in the criminal defendant's favor. E.g., *United States v. Santos*, 553 U.S. 507, 514, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008) (describing the 'venerable' rule of lenity)." *United States v. Havis*, 907 F.3d 439, 451 (6th Cir. 2018) (Thapar, J., concurring). If multiple definitions of "structure" could apply, and there is no explicit provision to the contrary, then Mr. Bailey must be sentenced under the interpretation which generates the lesser sentence.

Thus, USSG § 2K1.4 (2) does not apply. This leaves USSG § 2K1.4 (4) which awards 2 points under USSG § 2K1.4 (4), plus 14 points from USSG § 2B1.1, generating the correct base offense level of 16.

## II)  **REQUEST FOR A REASONABLE SENTENCE:**

If the above base offense level objection is sustained and the guideline issue is resolved in manner consistent with the above objection, (and consistent with the parties' pre-plea estimates), Mr. Bailey will not request a below guideline sentence. However, if the base offense level remains higher than anticipated, then Mr. Bailey does request a below-guideline reasonable sentence. For example, we will ask the Court to apply Level 16, minus -3 for acceptance, producing a Level

13. With Criminal History Category II, the reasonable sentencing range is 15-21 months. Then, in accordance with the plea agreement we would recommend the high-end of the range, which is a sentence of **21 months**.

A primary basis for this lesser and reasonable sentence is the mitigating evidence contained in Defendants "Exhibit 1," which he is filing under seal. Much of this evidence can also be found in Paragraphs 47-57 of the PSR, including Mr. Bailey's young age at the time of the offense, his mental health issues and level of emotional development, his acceptance of responsibility, and the traumatic events in his life, including his mother's car accident, her resultant condition and the sad fact that Mr. Bailey had to change his mother's feeding tube and diapers at the age of 17.

As authorized by Title 18 USC § 3553 (a) and *United States v. Booker*, 125 S.Ct. 738 (2005), Mr. Bailey requests a reasonable sentence no longer than 21 months.

**III)   Requests for Judicial Recommendations.**

    A) Mr. Bailey requests a designation recommendation to a suitable facility as to close Gainesville, Georgia, as possible.

    B) Mr. Bailey requests and will request recommendation for all treatment, training or counseling programs, benefits and reductions provided or allowed for under the First Step Act or the Second Chance Act.

C) Mr. Bailey requests that this federal sentence be allowed and ordered to run concurrently with any future sentence he might receive from Hall County, Georgia, for the same criminal conduct or events, if said charges are not dismissed by Hall County. (See PSR ¶ 43).   Mr. Bailey also aks that his federal sentence be allowed to run from its date of imposition, and that he be given credit for any and all time spent in Hall County custody on charges for or related to the same criminal conduct.

WHEREBY, based upon the above, Mr. Bailey requests that this Honorable Court grant him a reasonable sentence no longer than 21 months.

Dated:  This 24th day of June, 2021.

Respectfully submitted,

*s/ L. Burton Finlayson*

_____
L. BURTON FINLAYSON
Attorney For JUDAH COLEMAN BAILEY
Georgia Bar Number: 261460

LAW OFFICE OF
L. BURTON FINLAYSON, LLC
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

## **CERTIFICATE OF SERVICE**

This is to certify that the above document was prepared in 14 Point New Times Roman Font and that I have this day electronically filed the foregoing Sentencing Memo with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to the following:

>Mr. Gregory Radics
>Assistant United States Attorney
>600 U.S. Courthouse
>75 Ted Turner Drive, S. W.
>Atlanta, Georgia  30303.

DATED:  This 24th day of June, 2021.

*s/ L. Burton Finlayson*

_____
L. BURTON FINLAYSON
ATTORNEY FOR JUDAH COLEMAN BAILEY
State Bar Number: 261460